RECEIVED

AUG 0 5 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **ROOSEVELT MOY** | **CIVIL ACTION NO. 04-2253** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **TIME WARNER CABLE CO.** | **MAG. JUDGE JAMES D. KIRK** |

## RULING

Pending before the Court are a Motion to Dismiss for Failure to Make Timely or Proper Service of Process Pursuant to Federal Rule of Civil Procedure 4(m) [Doc. No. 2], filed by Defendant Time Warner Entertainment Company, L.P., and a Motion for Extension of Time to Perfect Service of Summons and Original Complaint [Doc. No. 22], filed by Plaintiff Roosevelt Moy. Plaintiff has filed a memorandum in opposition to the Motion to Dismiss, and Defendant has filed a reply to Plaintiff's opposition. Defendant has also filed an opposition to Plaintiff's Motion for Extension of Time to Perfect Service. For the following reasons, the Motion to Dismiss [Doc. No. 2] is hereby DENIED, and the Motion for Extension of Time to Perfect Service [Doc. No. 22] is GRANTED.

## I. FACTS AND PROCEDURAL HISTORY

On November 3, 2004, Plaintiff filed a Family and Medical Leave Act Complaint in this Court. Although the Complaint was timely filed, it is undisputed that Plaintiff failed to perfect service upon Defendant[1] within the 120 days contemplated by Rule 4(m) of the Federal Rules of Civil Procedure.

On March 11, 2005, which was 128 days after filing of the Complaint, Plaintiff forwarded to

---

[1] Plaintiff originally named Time Warner Cable Co. as Defendant, although Plaintiff's employer was Time Warner Entertainment Co., L.P. On April 18, 2005, following Defendant's Corporate Disclosure Statement, Time Warner Entertainment Co., L.P. was added as Defendant and Time Warner Cable Co. was terminated. The naming of the wrong entity as party defendant is not relevant to the present issue, however, as neither entity was timely served by Plaintiff.

Defendant a Notice of Lawsuit and Request for Waiver of Service of Summons, which Defendant received on March 22, 2005. Defendant did not execute and return the Waiver of Service of Summons.[2]

On April 18, 2005, Defendant filed the instant Motion to Dismiss for Failure to Make Timely or Proper Service of Process

On May 4, 2005, Plaintiff filed a Motion for Extension of Time to File Response to the Motion to Dismiss. The Court granted the extension and gave Plaintiff until May 20, 2005, to respond.

On May 24, 2005, four days past the Court's extended deadline, Plaintiff's attorney, Matthew M. Courtman, faxed a copy of the Plaintiff's response to Defense counsel. However, Plaintiff's attorney never filed this response with the Court. Unaware that the response had never been filed, Defendant nonetheless filed a "Reply" to Plaintiff's "Response" on June 2, 2005.

On or about June 1, 2005, Plaintiff retained a new attorney, James L. Carroll, and on June 17, 2005, the Court granted Plaintiff's motion for Carroll to enroll as Plaintiff's counsel of record.

On June 28, 2005, Plaintiff electronically filed a motion for extension of time to file a response to the Motion to Dismiss, but Plaintiff's motion failed to include a proposed Order as required by local rules. On this same date, Plaintiff attempted to correct this omission by filing another motion for extension of time to respond, but Plaintiff erroneously included an additional motion for extension of time to perfect service in the motion for extension of time to respond.

In an effort to clarify the record, Plaintiff requested that his two June 28, 2005 motions be stricken from the record in their entirety so that Plaintiff could refile in accordance with the Court's

---

[2]Defendant states that it did not execute and return the Waiver of Service because it would have thereby waived its defense of untimely service. Defendant further notes that Plaintiff failed to comply with applicable service requirements of Rule 4(d)(2) in that Plaintiff did not serve a qualified agent of the corporation and did not include a prepaid envelope for Defendant's response. *See* Fed. R. Civ. P. 4(d)(2).

local rules and the procedures adopted by the Clerk of Court. On July 11, 2005, Magistrate Judge Robert H. Shemwell issued an Order which struck from the record both of Plaintiff's motions for extension of time to file a response. However, in the meantime, on July 8, 2005, Defendant had already filed a memorandum in opposition to Plaintiff's motions for extension of time to perfect service and a Reply to Plaintiff's opposition to the Motion to Dismiss.

On July 12, 2005, Plaintiff properly filed his Motion for Leave to File Response to Defendant's Motion to Dismiss After Deadline For Filing. On this same date, Plaintiff also properly filed his Motion for Extension of Time to Perfect Service of Summons and Original Complaint.

On July 14, 2005, the Court granted Plaintiff's motion for leave to file his response past the deadline, and Plaintiff's Response to the Motion to Dismiss was filed on this date.

Defendant has not filed any additional briefs, but its July 8, 2005 Opposition to Plaintiff's Motion for Extension of Time to Perfect Service and Reply to Plaintiff's Opposition to the Motion to Dismiss are responsive to Plaintiff's July 12, 2005 flings.

With full briefing by all parties now completed on the pending motions, the Court is prepared to rule on the Motion to Dismiss and the Motion for Extension of Time to Perfect Service.

## II. LAW AND ANALYSIS

### A. Failure to Timely Serve Under Rule 4(m) of the Federal Rules of Civil Procedure

Rule 4(m) of the Federal Rules of Civil Procedure, entitled Time Limit for Service, provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Fifth Circuit has interpreted this rule "to require a court to extend time if

3

good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (5th Cir. 1995).

The Fifth Circuit has set forth the specific procedure a district court must follow when considering a motion to extend time to perfect service or, conversely, a motion to dismiss for failure to make timely or proper service, pursuant to Rule 4(m):

> First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

*Id.*

The Fifth Circuit has stated that "good cause" in this context

> require[s] at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified" is normally required.

*Winters v. Teledyne Movable Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (analyzing "good cause" for failure to effect service under Rule 4(j) of the pre-1993 amendments to the Federal Rules of Civil Procedure) (quoting 10 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 at 622).

In the case *sub judice*, Defendant argues that there is no good cause for Plaintiff's failure to effectuate timely service. First, Defendant contends that Plaintiff is not proceeding pro se, but has been represented by counsel at all times. Second, Defendant asserts that it has not in any way attempted to evade service of process, but, to the contrary, has a registered agent for service whose name and address are readily obtainable from the Secretary of State. Finally, Defendant argues that Plaintiff has made "no good faith attempt to serve within the requisite 120 day period and Plaintiff has not made proper service to date."

In response, Plaintiff concedes that at this point in the litigation it is extremely difficult to establish "good cause" for his previous failure to effect service. Plaintiff's current attorney admits that he is "unable to explain the reasons for his then attorney of record's failure to make service" because Plaintiff's original attorney, Matthew Courtman, "has failed to return attempts at communication with him or to respond in any way to multiple communication efforts." However, Plaintiff argues that "[i]t is not his fault that his [original] attorney failed to perfect service or that his [original] attorney is unwilling/unable to communicate with this Court as to the attorney's 'good cause' reasons for such a failure."

The Court finds that Plaintiff has failed to establish good cause for his failure to timely serve Defendant. Although the Court does not doubt Plaintiff's good faith in this matter, under the circumstances, Plaintiff is simply unable to articulate a reasonable basis for noncompliance within the time specified by Rule 4(m). *See Winters*, 776 F.2d at 1306. Additionally, although the Court is able to infer that the error of Plaintiff's original counsel was the logical cause of the failure to serve, the Fifth Circuit has repeatedly held that "[t]he inadvertence of . . . counsel . . . does not qualify as good cause for ... failure to comply" with the time limitations for service under Rule 4. *Id*; *see also Petrucelli*, 46 F.3d at 1307 ("'[h]alf-hearted' efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run. Even when delay results from inadvertence of counsel, it need not be excused.") (internal citations omitted).

Having determined that Plaintiff has not demonstrated good cause for the delay, the Court must proceed to the second step of its Rule 4(m) analysis and decide whether to dismiss the case without prejudice or to extend time for service. Fed. R. Civ. P. 4(m); *see also Petrucelli*, 46 F.3d at

1305; *Henderson v. United States*, 517 U.S. 654, 662 (1996) (Pursuant to the 1993 amendments to Rule 4 of the Federal Rules of Civil Procedure, "courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown.").

The Advisory Committee Notes to the 1993 Amendments to Rule 4(m) provide some guidance as to what factors the Court should consider when deciding to exercise its discretion to extend time for service in the absence of a finding of good cause: *"Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action,* or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note (1993) (emphasis added). The Fifth Circuit has cited this note with approval, noting that the running of the statute of limitations is a significant factor the district court should consider in its discretionary judgment of whether to extend time for service of process in the absence of good cause. *See Petrucelli*, 46 F.3d at 1305-06 (stating that "because the statute of limitations would bar the refiled actions here, it would be appropriate for the district court to consider this factor, assuming . . . there is no showing of good cause.").

In the present case, if the Court dismisses Plaintiff's suit without prejudice for failure to make timely or proper service under Rule 4(m), the applicable statute of limitations would bar any refiled claim. Additionally, the Court takes into consideration the fact that Plaintiff's new counsel has diligently sought to remedy the errors of Plaintiff's original counsel, that there is no implication of bad faith or intentional delay on the part of either party, and the Court's preference to consider issues on the merits. Although the Court is sympathetic to Defendant for the inconveniences caused by the delays, the Court in its discretion is persuaded that the preferred course of action in this matter is to allow Plaintiff an additional thirty days to perfect service rather than to dismiss Plaintiff's case.

## III. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss for Failure to Make Timely or Proper Service of Process Pursuant to Federal Rule of Civil Procedure 4(m) [Doc. No. 2] is DENIED, and Plaintiff's Motion for Extension of Time to Perfect Service of Summons and Original Complaint [Doc. No. 22] is GRANTED. Plaintiff is to perfect service on Defendant within thirty days from the filing of this Ruling and Order, or his suit is subject to dismissal.

MONROE, LOUISIANA, this 5 day of August, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE